## WARNER *et al. v.* HILL *et al.*

PER CURIAM.  This was a suit by certain parties to recover land formerly owned by an ancestor who died intestate, which land was subsequently sold at an administrator's sale, on the grounds, that there was an irregularity in the sale, the same having been held on the premises without an order from the court of ordinary authorizing that the sale be so held, and that the sale was voidable because the administrator was actually the purchaser at his own sale, though he had gone through the form of knocking off the land to a by-bidder, who almost immediately thereafter conveyed the land to the administrator, and that the defendant at present in possession of the land purchased from the individual who was the administrator, with notice of the invalidity in the sale.  Among other things, the plaintiffs pray for recovery of the land and for cancellation of the deeds by which title passed to the defendant in possession.  *Held:*

1. Under all of the evidence in the record, the court erred in granting a nonsuit at the conclusion of the introduction of testimony by the plaintiffs.

(*a*) The evidence of the plaintiffs was insufficient to show notice to the last purchaser, the defendant in possession of the premises, that the sale by the administrator was virtually a sale to himself, or that he was chargeable with notice of this alleged defect in the title; and if the plaintiffs' case had been based entirely upon the alleged infirmity in title just referred to, the grant of a nonsuit would not have been error.

(*b*) But while an order by the court of ordinary was regularly granted for the sale of the land by the administrator, the sale was not had at the court-house of the county in which the land was situated, but was had upon the premises in another city in the same county, and there was sufficient evidence to authorize a jury to find that there was no order granted by the ordinary authorizing the sale upon the premises, and that the defendant in possession of the property had notice of the fact that the necessary order for a sale upon the premises had not been granted; which irregularity would render the sale invalid and voidable at the suit of heirs.

2. The admission of the purchaser at the administrator's sale that he was not a bona fide purchaser but that he was a by-bidder, and that as an ostensible payment he delivered to the administrator his check, which was not cashed but was torn up, and that he immediately deeded the property back to the administrator, can only be competent in the event, upon the next trial, there is evidence showing notice to the last purchaser of the alleged invalidity of the administrator's sale, and should then be admitted in evidence under instructions limiting the effect of such testimony to the party making it, and should not be considered by the. jury in passing upon the question of notice to the defendant in possession of the invalidity of the sale or of the existence of the order authorizing the sale upon the premises.

3. Whether certain of the plaintiffs are estopped from maintaining their suit because of their receipt of certain sums, which were a par) of the proceeds of the sale of the land at the administrator's sale, is a question

that can be determined under all the circumstances as they are developed at the next trial, under proper instructions of the court.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

No. 1177.    OCTOBER 1, 1919.

Equitable petition.    Before Judge Terrell.    Troup superior court.    August 30, 1918.

*T. T. Miller* and *Hatton Lovejoy,* for plaintiffs.

*Little, Powell, Smith & Goldstein* and *E. T. Moon,* for defendants.